IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAY SHUMAN,

    Plaintiff,

  v.

LEVI STRAUSS & CO.,

    Defendant.
                           /

No. C 09-00279 WHA

**REMAND ORDER**

## INTRODUCTION

In this disability discrimination case, plaintiff Jay Shuman now moves for an order remanding this case to state court. For the following reasons, no federal jurisdiction exists and thus the matter is hereby **REMANDED**.

## STATEMENT

The parties agree on all the pertinent facts. On June 23, 2008, plaintiff filed suit in state court. Plaintiff alleged that defendant Levi Strauss & Co. failed to accommodate plaintiff's mental disability, and this failure violated California's Fair Employment and Housing Act. Defendant agrees that nothing in this complaint, or the amended complaint filed on September 25, 2008, gave the federal court jurisdiction over the suit as it was pled.

After receiving a "right to sue" letter from the Equal Employment Opportunity Commission, plaintiff filed a separate suit in federal court pursuant to the Americans with Disabilities Act. The parties agree that the allegations in this complaint were virtually identical

to those made in the state FEHA suit. Based on this federal complaint, defendant removed the state FEHA suit to federal court. In its notice for removal, defendant stated only that "[t]he U.S. District Court has original jurisdiction over this matter pursuant to 28 U.S.C. 1331. This case may be removed pursuant to 28 U.S.C. 1441(b) because it is a civil action in which a claim arises under the laws of the United States."

**ANALYSIS**

At this stage, plaintiff has filed two separate claims against defendant. In one claim, he has asserted a state FEHA claim which he filed in state court. In the other, he has asserted a federal ADA claim, which has been filed in the Northern District of California. Both claims use the exact same underlying facts to make out their claim. The main issue is whether the plaintiff may continue with these two separate lawsuits in state and federal court, or whether the district court has removal jurisdiction over the state lawsuit solely because the facts relied upon for both claims are identical. Defendant argues that the federal court has removal jurisdiction over the state lawsuit because: (i) plaintiff's federal complaint represents an "other paper" under 15 U.S.C. 1446(b) that provides a proper basis for removal as it shows that plaintiff voluntarily subjected himself to federal jurisdiction, (ii) plaintiff's state suit violates the "artful pleadings" doctrine, and (iii) plaintiff is improperly trying to split a cause of action.

The Ninth Circuit has specifically dealt with this "claim splitting" issue in *Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368 (9th Cir. 1987). In that case, two parallel securities actions were filed, one in federal court under federal law, and the other in state court under state law. Also, the facts underlying the state and federal claims were identical, just as they are here. The Ninth Circuit was faced with almost all of the arguments defendant has asserted here, yet held that

> [b]ecause the [plaintiffs'] claims are framed under state law, are not barred by res judicata nor preempted by federal law, and would only have been within the district court's original jurisdiction had they been joined with federal claims, which they were not, we reverse the district court's denial of plaintiffs' motion to remand the state action to state court.

*Id.* at 1367.

2

The Ninth Circuit explicitly rejected any argument that the "artful pleading" doctrine prevented a plaintiff from pleading state claims in state court and federal claims in federal courts on the same operative facts. *Id.* at 1373. In addition, *Sullivan* rejected the argument raised now by defendant against claim splitting articulated in the *Reid* decision. *Id*. at 1374.

The last remaining argument for defendant is its "other papers" argument. Defendant claims that when plaintiff voluntarily filed its federal claim, it became appropriate to "read into" plaintiff's pleadings so as to disclose the federal subject-matter jurisdiction even though the face of plaintiff's complaint filed in state court did not provide any such jurisdiction. While the Ninth Circuit did not explicitly discuss the "other papers" doctrine in *Sullivan*, the argument must be rejected in light of the closeness of the fact patterns here versus in *Sullivan*.

## CONCLUSION

For the foregoing reasons, the above captioned case is hereby **REMANDED** to the Superior Court for the State of California, County of San Francisco. The Clerk shall **CLOSE** the file.

**IT IS SO ORDERED.**

Dated: April 30, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3